IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SERGIO MAURICIO PRADA MUNOZ, | |
| Plaintiff, | **8:25CV144** |
| vs. | |
| DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff Sergio Mauricio Prada Munoz is Colombian national living in Aurora, Colorado. He petitioned for employment authorization while waiting for adjudication of an underlying petition for a U visa. U.S. Citizenship and Immigration Services ("USCIS") has yet to act on his petitions, so he filed this suit to "compel" the Director of USCIS to do so. (Filing No. 1). But because the Court lacks jurisdiction over his claim, the Director's motion to dismiss will be granted.

## BACKGROUND

A brief overview of the framework governing Prada Munoz's petitions is in order at the outset. "Pursuant to 8 U.S.C. § 1101(a)(15)(U), aliens may be legally admitted into the United States as nonimmigrants when they've suffered physical or mental abuse as a result of certain specified categories of criminal activity and are helping law enforcement—the so-called 'U visa.'" *Joshi v. Garland*, 728 F. Supp. 3d 1028, 1031 (D. Neb. 2024). "And the Secretary of Homeland Security 'may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under' § 1101(a)(15)(U)." *Id.* (quoting 8 U.S.C. § 1184(p)(6)).

There is a cap on the number of available U visas each year, however. *See* 8 U.S.C. § 1184(p)(2)(A). "[T]here is a significant gap between U-Visa petitions that meet the eligibility criteria and petitions that the agency may grant—meaning that, as the agency has recognized, many petitioners do not receive a U-Visa only because of the statutory cap." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 363 (4th Cir. 2021). If a petitioner is otherwise eligible for a U visa but cannot receive one due solely to the statutory cap, they "must be placed on a waiting list and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2). "USCIS, in its discretion, may authorize employment" for petitioners stuck on the waiting list. *Id.* Until the application is approved and the petitioner is placed on the waiting list, the agency has not committed itself to providing work authorization. *See Gonzalez,* 985 F.3d at 363.

Here, Prada Munoz alleges he was the victim of an aggravated assault in early 2022. (Filing No. 1 at 4). He petitioned for a U visa and for work authorization around nine months later. (Filing No. 1 at 4). "To date," he says, "USCIS has taken no action on any" of his petitions and "they have been waiting since [October 26, 2022]." (Filing No. 1 at 4). He asserts that delay is unlawful and harmful. Munoz's complaint sets forth one cause of action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, claiming the circumstances surrounding USCIS's failure to act in his case so far constitutes "unreasonably delay . . . warrant[ing] mandamus" relief, *Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984). He specifically asks the Court to order the USCIS "to make *bona fide* determinations and decisions on the pending work authorization applications within 14 days." (Filing No. 1 at 14). Prada Munoz also moved for partial summary judgment. (Filing No. 8 at 15).

In response, the Director moved to dismiss Prada Munoz's claims. (Filing No. 10). The Director argues that the Court lacks subject matter jurisdiction over them. (Filing No. 11 at 2); *see* Fed. R. Civ. P. 12(b)(1).

## STANDARD OF REVIEW

Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir.

2

2010). The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

A court deciding a motion under Rule 12(b)(1) must distinguish between a "'facial attack'" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.,* 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look at the Complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id*.; *Hastings v. Wilson,* 516 F.3d 1055, 1058 (8th Cir. 2008). This, the Director says, is a facial attack. (Filing No. 11 at 9).

## DISCUSSION

The APA confers a right to judicial review on "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "[A]gency action" includes "failure to act." 5 U.S.C. § 551(13). A reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But a claim under § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 124 S. Ct. 2373, 2379 (2004). "[D]elay cannot be unreasonable with respect to action that is not required." *Id.* at 2379 n.1. Other "statutes" can "preclude judicial review," too, and judicial review is unavailable when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); *see Thigulla v. Jaddou*, 94 F.4th 770, 774 (8th Cir. 2024).

The Director argues that there is such a discretionary statute: 8 U.S.C. § 1252(a)(2)(B)(ii). (Filing No. 11 at 10). Section 1252(a)(2)(B)(ii) provides in relevant part that "no court shall have jurisdiction to review . . . any [ ] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." *Id.; see Fofana v. Noem*, No. 24-2485, 2026 WL 72279 (8th Cir. Jan. 9, 2026). Put differently, "the Court is barred from exercising jurisdiction by two elements: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of

3

Chapter 12 of Title 8 (8 U.S.C. §§ 1151-1382)." *Barot v. Dir., U.S. Citizenship & Immigr. Servs.*, 2025 WL 1208968, at \*2 (D. Neb. Apr. 25, 2025); *see also Bouarfa v. Mayorkas*, 604 U.S. 6, 11 (2024) (characterizing § 1252(a)(2)(B) as "stripp[ing] federal courts of jurisdiction to review two categories of discretionary agency decisions.").

Here, both elements are satisfied. 8 U.S.C. § 1184(p)(6)—which falls within Subchapter II of Chapter 12 of Title 8—is discretionary. "The Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." *Id.* (emphasis added). "May" signals discretion. *Thigulla*, 94 F.4th at 775. The Court therefore concludes, as other judges in this district have, that the decision to grant employment authorization to individuals with a pending U visa petition is a matter generally committed to the Secretary's discretion—one that courts lack jurisdiction to review. *See Patel v. Dir., U.S. Citizenship & Immigr. Servs.,* 2025 WL 1655294, at \*4 (D. Neb. June 11, 2025) (Rossiter, C.J.); *Barot,* 2025 WL 1208968, at \*2 (Gerrard, J.); *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, 2025 WL 1267767, at \*8-9 (D. Neb. May 1, 2025) (Buescher, J.); *Sonani v. Dir., U.S. Citizenship & Immigr. Servs.*, 2025 WL 1489563, at \*4-\*5 (D. Neb. May 23, 2025) (Bataillon, J.).

Prada Munoz suggests in his complaint that the Court can provide the relief requested in this case because it will only be ordering USCIS to make a decision, not "directing [USCIS] how to exercise its discretion." (Filing No. 1 at 6). But that argument is "precluded by the Eighth Circuit's decision in *Thigulla*, which applied § 1252(a)(2)(B)(ii) to discretionary decisions about the decisionmaking process, not just the result." *Barot,* 2025 WL 1208968, at \*2. Under these circumstances, the Court must defer to "Congress's broad prohibition of judicial review in § 1252(a)(2)(B)(ii)" and "the tradition of agency discretion over internal procedures." *Thigulla*, 94 F.4th at 777.

In sum, § 1184(p)(6) vests the Secretary with discretion as to whether work authorization will be given to a particular U Visa applicant. That means § 1252(a)(2)(B)(ii) bars the Court from reviewing "decision[s] or action[s]" regarding that program. "As in other cases, that prohibits review of certain decisions of the USCIS that affect the pace with which it issues [bona fide determinations] and [work authorization] to individuals waiting for a U-Visa adjudication." *Patel,* 2025 WL 1655294, at \*4 (citing *Thigulla,* 94 F.4th at 775); *see also, e.g., Hasan v. Wolf,* 550 F. Supp. 3d 1342, 1347 (N.D. Ga. 2021) ("Necessarily included in this discretion is the pace of

4

adjudication."); *Butanda v. Wolf*, 516 F. Supp. 3d 1243, 1248 (D. Colo. 2021). The Court therefore lacks jurisdiction over Prada Munoz's APA claim.[1] Accordingly,

**IT IS ORDERED:**

1. The Director of United States Citizenship and Immigration Services' Motion to Dismiss (Filing No. 10) is granted.
2. Plaintiff Sergio Mauricio Prada Munoz's complaint (Filing No. 1) is dismissed without prejudice.
3. Munoz's Motion for Partial Summary Judgment (Filing No. 8) is denied as moot.
4. A separate judgment will be entered.

Dated this 6th day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

[1] Throughout his complaint, Munoz relies on the Sixth Circuit's decision in *Barrios Garcia v. U.S. Dep't of Homeland Sec.,* 25 F.4th 430 (6th Cir. 2022). That court found jurisdiction to review an APA claim like Munoz's by concluding that § 1184(p)(6) is a "semi-mandatory statute that does not unambiguously specify for § 1252(a)(2)(B)(ii) purposes that DHS maintains discretion over issuing work authorizations." *Id.* (citation modified). The Court is not persuaded by that decision for the reasons explained by Judge Gerrard in *Barot* and Judge Buescher in *Monroy. See Barot,* 2025 WL 1208968, at *2 n.1; *Monroy,* 2025 WL 1267767, at *9.